IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAMIAN MCDONALD, on behalf of the )
Laboratory Corporation of America )
Holdings Employees' Retirement Plan, )
himself, and all others similarly situated, )
                                                     )
               Plaintiff, )
                                                     )        1:22CV680
v. )
                                                     )
LABORATORY CORPORATION OF )
AMERICA HOLDINGS, )
               Defendant.

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Damian McDonald ("Plaintiff"), brought this action against Defendant Laboratory Corporation of America Holdings ("LabCorp"), alleging a breach of LabCorp's fiduciary duty of prudence in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 15 ¶ 4.) Before the Court is Plaintiff's Motion for Class Certification pursuant to Federal Rule of Civil Procedure Rule 23. (ECF No. 36.) For the reasons stated herein, Plaintiff's motion will be granted.

**I.    BACKGROUND**

Plaintiff alleges that LabCorp is a statutory fiduciary of the Laboratory Corporation of America Holdings Employees' Retirement Plan (the "Plan"), a qualified retirement plan governed by ERISA. (ECF No. 15 ¶¶ 1, 16, 18.) The Plan is a defined contribution 401(k) plan that "provides the primary source of retirement income for many former LabCorp employees." (*Id.* ¶¶ 16, 19.) As of December 31, 2020, the Plan contained over $3.8 billion

in assets and had over 55,000 participants. (*Id.* ¶ 21.) Plaintiff is a current employee of LabCorp and is a participant in the Plan. (*Id.* ¶ 23.) Specifically, Plaintiff alleges that LabCorp breached its fiduciary duty of prudence by: (1) selecting imprudent investments for the Plan; and (2) failing to prudently manage and control the compensation the recordkeeper received from the Plan. (*Id.* ¶¶ 132–34.)

Plaintiff alleges, with respect to his first claim, that the Plan is eligible to qualify for the "lowest-cost share classes available on the market" and LabCorp repeatedly included the Plan's investments in high-cost share classes. (ECF No. 37 at 11.) Plaintiff identifies fourteen share classes of mutual funds he alleges are too expensive, and thirteen corresponding lower cost alternatives. (ECF No. 15 ¶¶ 117, 120.) Regarding the second claim, Plaintiff alleges that the Plan paid recordkeeping fees to a third-party service provider, Fidelity, for administrative services using participants assets. (*Id.* ¶¶ 43–44.) He contends that the "cost of providing recordkeeping services depends mainly on the number of participants in a plan," and "most plans are charged on a per participant basis." (*Id.* ¶ 36.) Plaintiff believes that due to the size of the Plan, recordkeeping services should be paid an annual rate of no more than $25 per participant, but instead the Plan paid $43 per participant (or more) during that time. (*See id.* ¶¶ 44, 67–69, 71.) Plaintiff also alleges that LabCorp paid Fidelity excess compensation through indirect methods such as revenue sharing, and interest earned on Plan participant money while the money sits in Fidelity's clearing account. (*Id.* ¶¶ 46–47.)

Plaintiff filed the instant Complaint on August 18, 2022. (ECF No. 1.) On October 24, 2022, LabCorp filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 9.) Plaintiff then filed his First Amended Complaint on November 14, 2022. (ECF No. 15.) On December 12, 2022, LabCorp filed a Motion to Dismiss Plaintiff's First Amended Complaint

for Failure to State a Claim. (ECF No. 17.)  On July 28, 2023, the Court granted in part and denied in part LabCorp's motion.  (ECF No. 24 at 16.)  This Court found that Plaintiff failed to state a claim that LabCorp breached its duty of prudence by removing a mutual fund in favor of a Mid Cap Growth CIT, and that all Plaintiff's other claims were sufficient.  (*Id.*)  Plaintiff filed the instant Motion for Class Certification on March 1, 2024.  (ECF No. 37.)

## II. LEGAL STANDARD

A plaintiff seeking class certification "must affirmatively demonstrate [his] compliance" with Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Parties must do this using "evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Rule 23(a) requires that a prospective class satisfy four prerequisites to ensure that the class claims are fairly encompassed by those of the named plaintiffs.  *See* Fed. R. Civ. P. 23(a).  These prerequisites are often referred to as numerosity, commonality, typicality, and adequacy.  *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 654 (4th Cir. 2019) (citing *id.*).  The Fourth Circuit has also recognized that Rule 23 "contains an implicit threshold requirement" of "ascertainability"—that the members of a proposed class be "readily identifiable" by way of reference to objective criteria.  *See id.* at 654–55.  Once these initial requirements are met, Plaintiff must then demonstrate that the proposed class fits within at least one of the three types of classes outlined in Rule 23(b).  *Id.* at 655.

While it is Plaintiff's burden to demonstrate compliance with Rule 23, this Court "has an independent obligation to perform a 'rigorous analysis' to ensure that all of the prerequisites have been satisfied." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quoting *Dukes*, 564 U.S. at 350–51).  As Rule 23's criteria are often "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," this analysis may entail some

3

consideration of the merits of the underlying claims. *Dukes*, 564 U.S. at 351 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal citation omitted)). However, "[m]erits questions may be considered . . . only to the extent . . . that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

## III. DISCUSSION

This Court must make two initial determinations before considering the criteria set forth under Rule 23(a): (1) that a precisely defined class exists, *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976), and (2) that the class representatives are members of the proposed class. *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). Plaintiff has defined the class as "[a]ll persons who were participating in or beneficiaries of the Plan, at any time between November 8, 2016, and the present." (ECF No. 15 ¶ 26.) The Plan is "a qualified retirement plan" made up of "[e]ligible current and former employees of LabCorp." (*Id.* ¶¶ 16, 19.) Plaintiff is a current employee of LabCorp and is a participant in the Plan. (*Id.* ¶ 23.) LabCorp does not contest that these prerequisites have been met. (*See* ECF No. 39 at 2, 6–12.) The Court concludes that Plaintiff has demonstrated the existence of a precisely defined class, and Plaintiff is a member of the class he seeks to represent.

Regarding the prerequisites under Rule 23, the parties primarily dispute whether Plaintiff and his counsel can adequately represent the interests of the proposed class. LabCorp does not challenge the other prerequisites associated with class certification; however, this Court out of an abundance of caution will address each prerequisite. The Court will begin with the threshold 23(a) prerequisites. There are four prerequisites under Rule 23 that a class must comply with in order to be certified. "(1) numerosity of parties; (2) commonality of

4

factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation." Fed. R. Civ. P. 23(a). After satisfying these four requirements, the class action must fall within one of three categories outlined in Rule 23(b). *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). Plaintiff seeks to proceed with certification under Rule 23(b)(1). (ECF No. 37 at 25.) This rule allows certification if separate actions by class members would create a risk of: (A) "inconsistent or varying adjudications … that would establish incompatible standards of conduct for the party opposing the class;" or (B) "adjudications with respect to individual class members that … would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(A)-(B).

### A. Numerosity of Parties

Plaintiff asserts that numerosity is met because there are over 55,000 individual Plan participants who will be class members. (ECF No. 37 at 21.) LabCorp does not contest that Plaintiff has satisfied the numerosity requirement. (*See* ECF No. 39 at 2, 6–12.)

For numerosity to be met the proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no specified number needed to maintain a class action. *Cypress v. Newport News Gen. and Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (holding that a class of 18 is sufficiently large under the existing circumstances). Furthermore, Rule 23 contains an "implicit threshold requirement" that members of a proposed class be "readily identifiable." *Adair*, 764 F.3d at 358 (internal quotation marks omitted) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972).

However, Plaintiff need not show they can identify every class member at the time of certification. *Id.*

Here, the proposed class contains over 55,000 members, which is certainly large enough to make joinder impractical. Additionally, the class members are readily identifiable. The proposed class is made up of current and former employees of LabCorp that are Plan participants, who can be ascertained through Plan records. (ECF No. 37 at 10.)

Therefore, the Court finds that Plaintiff has satisfied the Rule 23(a) numerosity requirement.

### B. Commonality of Factual and Legal Issues

Plaintiff asserts that commonality is met because there are numerous questions common to the class including LabCorp's alleged breach of fiduciary duty, and whether the Plan suffered losses. (ECF No. 37 at 22.) These questions are ones that apply to all class members because LabCorp's conduct applied to the Plan as a whole. (*Id.*) LabCorp does not state a position on the issue of commonality. (*See* ECF No. 39 at 2, 6–12.)

In order to satisfy the commonality requirement, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Since any "competently crafted class complaint literally raises common questions," the important factor is that these questions "generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 349–50 (emphasis in original) (internal citation omitted). Although Rule 23(a)(2) speaks of "questions," plural, a "single common question" will satisfy the commonality requirement so long as it is "of such a nature that its determination will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* at 350.

6

Plaintiff lists four questions common to the class: (1) the scope of LabCorp's fiduciary duties; (2) whether a breach or breaches of the fiduciary duties occurred; (3) whether the Plan suffered losses; and (4) how to calculate the Plan's losses. (ECF No. 37 at 22.) These questions all appear well suited to common resolution as the answers will apply equally to all class members and do not rely on any one Plan participants' circumstances. Additionally, the answers will "resolve an issue central to the validity" of whether LabCorp violated ERISA by breaching its fiduciary duty. *Dukes*, 564 U.S. at 350.

Thus, this Court finds that Plaintiff has satisfied the Rule 23(a)(2) commonality requirement.

### C. Typicality of Claims and Defenses

Plaintiff asserts that typicality is met because the claims are all based on the same events, LabCorp's alleged breach of fiduciary duty. (ECF No. 37 at 23.) Further, they contend that the claims are all based on the same "remedial theory," enforcement of LabCorp's obligations under 29 U.S.C. § 1109(a) through § 1132(a)(2). (*Id.*) LabCorp does not contest that typicality is satisfied. (*See* ECF No. 39 at 2, 6–12.)

To satisfy typicality, the claims of the named Plaintiff must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Typicality is met when the claims asserted by the named Plaintiff arise from the same course of conduct and are based on the same legal theories as the claims of other class members. *Haywood v. Barnes*, 109 F.R.D. 568, 578 (E.D.N.C. 1986). This does not require that the "plaintiff's claims and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006). However, courts will deny class certification "when the variation in claims strikes at the heart of the respective causes of actions." *Id.*

7

Here, "Plaintiff and all class members are bringing the same claims under the same legal and remedial theory." (ECF No. 37 at 24.) Plaintiff's claims and the claims of the proposed class members all center around the events surrounding LabCorp's alleged breach of fiduciary duty in the selection, administration, and monitoring of the Plan's recordkeepers and investments. (*Id.*) Additionally, the claims of the named Plaintiff and proposed class members arise from the same legal theory: LabCorp's fiduciary duty as imposed by ERISA. (ECF No. 37 at 6.) Further, the same remedial theory is at play here, LabCorp's obligation to make good to the Plan all losses caused by a breach of duty and for the proper equitable relief. (ECF No. 37 at 24 (citing 29 U.S.C. § 1109(a)).)

Therefore, the Court finds that Plaintiff has established that his claims are typical of the claims of the class he seeks to represent in accordance with Rule 23(a)(3).

### D. Adequacy of Representation

Plaintiff argues that adequacy is met because he is pursing claims on behalf of the entire Plan rather than an individual claim. (ECF No. 37 at 25.) Plaintiff further argues that his counsel meets the adequacy requirement because he has significant experience litigating class actions. (*Id.*) LabCorp challenges the adequacy of both Plaintiff and his counsel by arguing that (1) the suit is being controlled entirely by Plaintiff's counsel and (2) Plaintiff's counsel "has demonstrated a lack of integrity." (ECF No. 39 at 2 (internal citation omitted).) The Court will address each argument in turn.

#### 1. <u>Adequacy of Named Plaintiff</u>

LabCorp outlines three reasons why it believes Plaintiff is inadequate to represent the class: (1) Plaintiff's knowledge of the case comes only from what he has been told by his counsel; (2) Plaintiff's counsel objected based on attorney-client privilege when Plaintiff was asked for the basis of his belief in the allegations set forth in his interrogatory response; and

8

(3) Plaintiff did not contemplate filing a lawsuit concerning the Plan until after Plaintiff's counsel raised it. (ECF No. 39 at 6–7.) Plaintiff responds by arguing that he has sufficient knowledge to adequately represent the class. (*See* ECF No. 40 at 3, 5–6.)

Under Rule 23, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Although a robust understanding of the case isn't necessary, if Plaintiff lacks *any* understanding of the class representative's role in litigation, adequacy may not be satisfied. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385 (4th Cir. 2009); *see also Gunnells*, 348 F.3d at 430 (It is hornbook law … that '[i]n a complex lawsuit … the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative.'" (alteration in original) (internal citation omitted)). For instance, Plaintiff may demonstrate that they can adequately represent the interests of the class by showing they have knowledge of the case and of their duties as a class representative. 1 HERBERT B. NEWBERG & WILLIAM RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:66 (6th ed. 2022). This inquiry also requires an investigation into the proposed representative's credibility or integrity and uncover any conflicts of interest between named parties and the class they seek to represent. *See Monroe*, 579 F.3d at 385.

Here, LabCorp does not assert there is a conflict of interest between the Plaintiff and the class Plaintiff seeks to represent, nor does this Court independently find there to be one. (*See* ECF No. 39 at 2, 6–12.) With respect to Plaintiff's knowledge of the case, LabCorp argues that Plaintiff has no knowledge about his allegations in this case other than what he has been told by his counsel. (ECF No. 39 at 6.) To support this contention, LabCorp quotes Plaintiff's deposition where he was asked "do you have any basis for believing that, other than any conversations you may have had with your lawyer?" (ECF No. 39-2 at 44:16-17.) Plaintiff

9

responds, "I mean, I would only know about this, or understand this by talking with my lawyer." (*Id.* at 44:20-22.) Class action suits where the named plaintiff reports to have received all their information about the potential class action from counsel does not necessarily make that plaintiff inadequate. *See e.g.*, *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 371–72 (1966) (finding an uneducated plaintiff who was "illiterate in economic matters" was not inadequate under Rule 23).

In *Surowitz*, the Supreme Court reversed the dismissal of a class action suit where the Named Plaintiff was found to be "wholly ignorant" of the alleged facts of her case and "verified the complaint, not on the basis of her own knowledge and understanding, but in the faith that her son-in-law [an attorney] had correctly advised her either that the statements in the complaint were true or to the best of his knowledge he believed them to be true." *Surowitz*, 383 U.S. at 367, 370–71.

This Court does not find that Plaintiff receiving information about the suit from counsel equates to him "lending his name to a suit controlled entirely by the class attorney," as LabCorp represents. (ECF No. 39 at 6 (quoting *Monroe*, 579 F.3d at 385 (internal citation omitted).) LabCorp cites excerpts from Plaintiff's deposition to support its argument that Plaintiff has no knowledge about the allegations in this case or his role in the lawsuit. (*See* ECF No. 39-2 at 64:13-18; 73:18–74:2; 88:1-10.) Plaintiff responds by citing to numerous instances in the deposition that showcase his understanding of the allegations before the Court. (*See* ECF No. 40 at 6.)

Plaintiff, unlike in *Surowitz*, has demonstrated a basic understanding of the facts of this case and an interest in the litigation. Plaintiff knows the basis of his claims regarding the alleged high recordkeeping expenses, he can identify the recordkeeping company, he discussed

a previous motion to dismiss that this Court ruled on, and he identified documents he produced for this case, among other things. (*See* ECF No. 39-2 at 52:11–53:13, 56:10-17.) Plaintiff also sat for a deposition in this case. *Compare Clark v. Duke Univ.*, No. 1:16-CV-1044, 2018 WL 1801946, at *7 (M.D.N.C. Apr. 13, 2018) (finding that participation in depositions show that named plaintiffs would adequately represent the class), *with Monroe*, 579 F.3d at 385 (affirming district court's ruling against class certification where named plaintiff showed "little interest in or knowledge and understanding of the case" and "offered virtually no evidence refuting glaring questions as to his adequacy as a class representative").

LabCorp's second argument is that Plaintiff's counsel objected based on attorney-client privilege when Plaintiff was asked about the answers in his interrogatory. (ECF No. 39 at 7.) While asking Plaintiff about the answers to his interrogatory, LabCorp inquires whether he "understood this response at the time [he] signed the interrogatory." (ECF No. 39-2 at 40:8-9.) Plaintiff responds, "I mean somewhat" and explains that the part he did not understand was "when he gets into the money, like, percentage, and things of that nature." (*Id.* at 40:10-18.) LabCorp then asks Plaintiff "you believe that this response is accurate based on your conversation with your lawyers; is that correct?" (*Id.* at 43:22–44:2.) Plaintiff's counsel objects to form and instructs Plaintiff not to answer the question. (*Id.* at 44:3-5.) However later instructs Plaintiff to answer, and Plaintiff states "I mean, I would only know about this, or understand this by talking with my lawyer." (*Id.* at 44:20-22.)

To support its contention that this is improper, LabCorp primarily references a securities fraud case, *Kelley v. Mid-Am. Racing Stables, Inc.*, from the Western District of Oklahoma. 139 F.R.D. 405 (W.D. Okla. 1990); (ECF No. 39 at 6–7.) In *Kelley*, the court found that the named plaintiff did not satisfy the adequacy requirement because he appeared

11

to "have no personal knowledge… of any wrongdoing or misrepresentations made by any defendant" and demonstrated "an almost total lack of personal knowledge of their claims." 139 F.R.D. at 410. Here, Plaintiff has demonstrated an understanding of his claims, as stated above. Further, in *Kelley*, when the plaintiff was asked why he believed to have been defrauded, his counsel directed him not to answer based on attorney client privilege. *Kelley*, 139 F.R.D. at 410. Whereas here, the question that LabCorp points to was actually answered by Plaintiff following his counsel's objection. (*Id.* at 44:20-22.) The Court does not find LabCorp's argument regarding the objection persuasive.

2. <u>Adequacy of Proposed Class Counsel</u>

LabCorp argues that Plaintiff's counsel does not meet the adequacy requirement because they "made false statements to this Court and prepared false interrogatory responses for Plaintiff." (ECF No. 39 at 10, 10–11.) Plaintiff responds by asserting that LabCorp misrepresents the facts pertaining to the alleged false statements. (ECF No. 40 at 11–12.)

Under Rule 23(g) "class counsel must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23 (g)(4). LabCorp argues that this is not met because Plaintiff's counsel in their Motion for Class Certification, (ECF No. 37), allegedly made two false statements: (1) "both the documents and deposition testimony demonstrate Defendant violated ERISA's duty of prudence," and (2) the "Defendant breached its fiduciary duty of prudence mandated by ERISA … by allowing Fidelity to pocket from the Plan millions in float compensation." (ECF No. 39 at 10–11.) LabCorp states that Plaintiff's counsel was alerted in LabCorp's deposition that Fidelity received no compensation from the Plan via float after 2019, and float received prior to 2019 are accounted for in the 408(b)(2) disclosures. (*Id.* at 11.) Because of this they believe Plaintiff's counsel's claim that "millions" were pocketed

by Fidelity is a false representation to the Court and to Plaintiff. (*Id.*) Additionally, LabCorp believes that Plaintiff's counsel had Plaintiff falsely claim to the Court that LabCorp "has not yet produced documents or evidence to show what the recordkeeper was compensated from the Plan via float." (*Id.* at 12 (internal citation omitted).) LabCorp asserts that the documents in question were timely provided to the Plaintiff, and they filed email documentation of their submission. (*See* ECF No. 39-7 at 2.)

Although an analysis into class certification may entail some consideration of the merits of the underlying claims, this Court refuses to find that Plaintiff's counsel is inadequate based on differing perspectives surrounding what appears to be the heart of Plaintiff's claim. *See Dukes*, 564 U.S. at 351. Whether the Plan paid Fidelity millions in float compensation or thousands, is not relevant to determining whether the Rule 23(a)(4) prerequisite for class certification is satisfied. Additionally, an inquiry into whether Plaintiff's interrogatory correctly or incorrectly states that certain documentation has or has not been received, does not bear on the adequacy of Plaintiffs counsel's ability to represent the class. What is relevant to this determination is "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

To support its argument, LabCorp references a case in which the 7th Circuit found plaintiff's counsel inadequate. *Creative Montessori Learning Ctr. v Ashford Gear LLC.*, 662 F.3d 913 (7th Cir. 2011). In *Creative Montessori*, plaintiff brought a class suit under the Telephone Consumer Protection Act, which imposes damages on those who send out an unsolicited fax.

13

*Id.* at 914–15. Plaintiff's counsel in that case gained evidence of an unsolicited fax from a fax broadcaster after plaintiff's counsel promised not to disclose any material she provided to a third party. *Id.* However, once counsel received the evidence they reached out to a third party, plaintiff, *Creative Montessori*, one of the recipients of the unsolicited fax. *Id.* The court found that conduct by counsel need not be "egregious" to require denial of class certification. *Id.* at 918. However, the "lack of integrity" shown by counsel caused the court to "cast serious doubt on their trustworthiness as representatives of the class." *Id.* at 917. Those facts could not be further from those before this Court. Here, LabCorp's argument appears to be a mere disagreement on the evidence surrounding the merits of the case, which is distinguishable from the deceitful practice of the proposed class counsel in *Creative Montessori*.

In this case, Plaintiff's counsel, Brandon J. Hill appears to be an experienced class action litigator and has been practicing for 17 years. (ECF No. 40 at 8.) He provided this Court with a list of forty-two class actions in which he was appointed as class counsel. (ECF No. 37-2 ¶ 8.) Mr. Hill is also currently litigating "approximately fifteen ERISA class action cases throughout the country." (*Id.* ¶ 7.) In addition, Mr. Hill's co-counsel, Michael McKay, has practiced almost exclusively ERISA class action suits for the past 20 years. (ECF No. 40 at 9.) He has acted as class counsel in over sixty certified class action lawsuits. (ECF No. 37-6 ¶ 3.) Mr. McKay is currently litigating over fifteen ERISA nationwide class actions and has been formally appointed as class counsel in several of those. (*Id.* ¶ 5.) Both attorneys possess the experience and expertise necessary to adequately litigate the suit at hand. In addition to their extensive class action experience, according to counsel, they have retained the country's "foremost ERISA expert witnesses" to analyze the data and provide feedback prior to filing

the Complaint. (ECF No. 40 at 10.) They have clearly demonstrated that they have dedicated resources and work to identify potential claims and represent the class.

The Court concludes that Plaintiff and his Counsel would adequately represent the class. Thus, the requirements of numerosity, commonality, typicality, and adequacy have been met. The Court now turns its attention to whether Plaintiff's proposed class can be certified under Rule 23(b).

E. Certification Pursuant to Rule 23(b)(1)

Plaintiff seeks to proceed with certification under Rule 23(b)(1). (ECF No. 37 at 25.) LabCorp does not contest Plaintiff's certification under Rule 23(b)(1). (*See* ECF No. 39 at 2, 6–12.) This rule allows certification if separate actions by class members would create a risk of: (A) "inconsistent or varying adjudications … that would establish incompatible standards of conduct for the party opposing the class;" or (B) "adjudications with respect to individual class members that … would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(A)-(B).

Here, Plaintiff brings a claim on behalf of Plan participants and the recovery he seeks is on behalf of the Plan. Separate adjudication of these claims by individual Plan members could substantially "impair or impede" other Plan members who may bring claims. Rule 23(b)(1)(B). Adjudicating these claims requires a determination on the Plan as a whole, not individual claims by separate Plan participants.

Additionally, certification under Rule 23(b)(1)(B) is appropriate in "an action which charges breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an

15

accounting or like measures to restore the subject of the trust." *See* Fed. R. Civ. P. 23, Advisory Committee Note, 1966 Amendments; *see also Ortiz v. Fireboard Corp.*, 527 U.S. 815, 833–34 (1999) (referencing the Civil Rules Advisory Committee Note for the same proposition).

Therefore, the Court finds that certification is proper under Rule 23(b)(1)(B).

## IV. CONCLUSION

The prerequisites of numerosity, commonality, typicality, and adequacy are satisfied here. Additionally, Rule 23(b)(1) certification is proper. In conclusion, the Court grants the certification of the proposed class.

Plaintiff's motion will be granted.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Class Certification, (ECF No. 36), is **GRANTED,** and Damian McDonald is hereby appointed as class representative, and McKay Law LLC and Wenzel Fenton Cabassa, P.A. are hereby appointed as class counsel for Plaintiffs.

This, the 16th day of October 2024.

/s/ Loretta C. Biggs
United States District Judge